IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02645-REB-MEH

APEX MOBILITY TRANSPORTATION, LLC,
EZ CARE TRANSPORTATION, LLC
ARAPHAHOE TRANSPORTATION, LLC, f/k/a Chad Transporation, LLC,
LION TRANSPORTATION, LLC,
HEAVEN WHEELS TRANSPORTATION, LLC, and
AA YELLOW SHUTTLE EXPRESS, INC., a/k/a Broadway Express, Inc.,

       Plaintiffs,

v.

FIRST TRANSIT, INC.,

       Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

       Before the Court is Defendant's Motion to Vacate Entry of State Court Clerk's Default [filed October 1, 2014; docket #15]. The motion is referred to this Court for recommendation. (Docket #16.) The matter is fully briefed and oral argument would not materially assist the Court in its adjudication of the motion. For the following reasons and based on the entire record herein, the Court RECOMMENDS that Defendant's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

On August 22, 2013, Plaintiffs initiated this case in the City and County of Denver, Colorado. Pursuant to Colorado's Civil Access Pilot Project Rule (PPR) 3.1, a plaintiff must file an Initial Disclosure Certificate within twenty-one (21) days of serving a defendant with process.  In this case, Plaintiffs filed their Initial Disclosure Certificate on August 22, 2013, the same day they filed their Complaint.  (Docket #15-1.)  Plaintiffs served Defendant with the Complaint and Summons on August 27, 2014, but did not serve Defendant with their Initial Disclosure Certificate. (*See id.*)  On September 17, 2014, Plaintiffs filed a Motion for Entry of Clerk's Default on the grounds that Defendant's response was due on September 12, 2014.  (*Id.*)  On September 19, 2014, the state court granted the Motion for Entry of Clerk's Default. (Docket #17-1.)  Defendant filed its Notice of Removal on September 24, 2014.  (Docket #1.)

The Court may set aside an entry of default for good cause.[2]  *See* Fed. R. Civ. P. 55(c).  This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  *Id.*; *Dennis Garber & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).  In determining whether to vacate

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[2] As an initial matter, the Court addresses its authority to vacate a state court's entry of default pursuant to 28 U.S.C. § 1450, which states, "[w]henever any action is removed from a State court to a district court of the United States ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.  Once removed to federal court, "it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974).  As the Supreme Court of the United States has explained, Section 1450 impliedly recognizes a "district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Id.*

the Clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entries of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).   A court need not consider each of these three factors and may consider other factors in its discretion.   *Id.*   Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."   *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

With respect to the first factor, the Court finds that Defendant's failure to timely respond or otherwise answer was not a willful or a flagrant disregard of the state court's authority. *See United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default.").   Pursuant to PPR 3.1, a defendant must file a responsive pleading twenty-one (21) days after a plaintiff files its Initial Disclosure Certificate.   Defendant contends that Plaintiffs engaged in unethical conduct by failing to serve their Initial Disclosure Certificate with the Summons and Complaint and by failing to confer with Defendant before filing a Motion for Clerk's Entry of Default.   Plaintiffs respond that PPR 3.1 does not require service of the Initial Disclosure Certificate.   The Court need not resolve whether Plaintiff was ethically obligated to serve its Initial Disclosure Certificate because it finds Defendant's failure to recognize that Plaintiffs had filed their Initial Disclosure Certificate simultaneously with the initiation of the lawsuit, thereby triggering the

21-day responsive pleading deadline, was more likely an inadvertent oversight than a willful or flagrant disregard of the state court's authority.  Moreover, Defendant asserts that it first learned of the Clerk's Entry of Default on September 30, 2014, after this case was removed, while conferring with Plaintiffs regarding a stipulation for an extension of time to respond to the Complaint.  Upon learning of the default, Defendant immediately filed the present motion.  Defendant's prompt action does not support a finding of culpable conduct.

With respect to the second factor, the Court finds no prejudice to Plaintiffs in setting aside the entry of default because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default, which was entered less than a full month after the case was initiated.  Thus, the case is still in its early stages, and Plaintiffs' ability to pursue their claims has not been hindered. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.").

In light of the judicial preference against default judgments, *see Gomes*, 420 F.2d at 1366, and because the Court finds that two of the three factors tip in favor of granting the motion, the Court need not address the third factor in order to determine that good cause exists to set aside the entry of default.

Accordingly, the Court respectfully recommends that Defendant's Motion to Vacate Entry of State Court Clerk's Default [filed October 1, 2014; docket #15] be **GRANTED**.

Dated this 8th day of December, 2014, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge